UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ALISHA A. NISIEWICZ AND
JASON NISIEWICZ

CIVIL ACTION

VERSUS

NO. 11-159-JJB

STEVEN LOVETT, ET AL.

## RULING ON MOTION FOR SUMMARY JUDGMENT

Presently before the Court is a motion for summary judgment (Doc. 10) filed by defendants Steven Lovett, the City of Denham Springs, and Scott Jones, in his official capacity as chief of the Denham Springs Police Department, and the Denham Springs Police Department (collectively, "defendants") against plaintiffs Alisha and Jason Nisiewicz (collectively, "plaintiffs"). Plaintiffs filed an opposition (Doc. 17), and defendants filed a reply (Doc. 18). Oral argument is unnecessary.[1] The Court has jurisdiction over this case under 28 U.S.C. § 1331 and 28 U.S.C. § 1343 as well as supplemental jurisdiction under 28 U.S.C. § 1367.

I.

This case involves claims for money damages based on allegations of, *inter alia*, unlawful search and seizure, false arrest, false imprisonment, intentional infliction of emotional distress, and malicious prosecution arising out of an incident in May 2009. Briefly sketched, it appears that a Denham Springs police officer Steven Lovett responded to a complaint in a residential neighborhood and in so doing found several of plaintiffs' children without adult supervision in their filthy, unsanitary home. The officer called social services and subsequently entered the home to protect the investigating social worker. Ultimately, the children were

---

[1] Plaintiffs' motion for oral argument (Doc. 14) is therefore DENIED.

removed from the custody of their parents, leading to regrettable financial and familial consequences for the plaintiffs.

Defendants have moved for summary judgment, arguing that the claims have no factual backing, are facially prescribed, fail to state a claim, and/or cannot result in liability due to the qualified immunity of the defendants.

II.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. Rule Civ. P. 56(a). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). When the burden at trial rests on the non-moving party, the moving party need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Id.* The moving party may do this by showing that the evidence is insufficient to prove the existence of one or more essential elements of the non-moving party's case. *Id.* A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. Rule Civ. P. 56(c)(1).

Although the Court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy the non-moving party's burden. *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139-40 (5th Cir. 1996). Similarly, "[u]nsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence." *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991), *cert. denied*, 507 U.S. 1051. If, once the non-moving party has been given the

opportunity to raise a genuine fact issue, no reasonable juror could find for the non-moving party, summary judgment will be granted for the moving party. *Celotex*, 477 U.S. at 322.

III.

Plaintiffs have offered no evidence to support their claims. Plaintiffs' summary judgment opposition memorandum admits as much—the first line of the memo introduces the factual background section "as stated in plaintiffs [sic] *petition* for damages…." (Memo. in Opp., Doc. 17, p. 1). The petition is unverified (*see* Petition, Doc. 1-2, pp. 5-8), and thus it is not competent summary judgment evidence. Fed. Rule Civ. P. 56(c)(1); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (verified complaints may potentially be considered as competent summary judgment evidence to the extent the complaint comports with the affidavit requirements of Rule 56). Rule 56, in turn, requires that affidavits "must be made on personal knowledge, set out facts that would be admissible in evidence," and make the averral under penalty of perjury. Fed. Rule Civ. P. 56(c)(4); *King*, 31 F.3d at 346. Because plaintiffs have not come forward with any evidence to support a claim for which they bear the burden of proof at trial and defendants have filed a summary judgment motion pointing out that deficiency, summary judgment is proper. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *see also Larry v. White*, 929 F.2d 206, 211 n. 12 (5th Cir. 1991) ("Unsworn pleadings … are not, of course, competent summary judgment evidence.").

The sole proffered evidence plaintiffs submit is an affidavit by their attorney. (Shaheen Affidavit, Doc. 16-1, p. 1). Counsel contends he is "familiar with the facts of the charge, and can attest … that [plaintiff] was wrongfully arrested and falsely imprisoned." (*Id.*). This affidavit was signed and notarized without any statement that its contents are true and correct, made under penalty of perjury, or otherwise sworn. "It is a settled rule in this circuit that an unsworn

3

affidavit is incompetent to raise a fact issue precluding summary judgment." *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005) (quotation and citation omitted). Moreover, the affidavit is insufficient for at least two independent reasons: (1) it is not based on counsel's personal knowledge of the underlying facts giving rise to the claim (*i.e.,* no personal knowledge of the circumstances surrounding the arrest and imprisonment), and (2) plaintiff does not identify any hearsay exception through which he could introduce the evidence. *See* Fed. Rule Civ. P. 56(c)(4); Fed. Rules Evid. 801-02.

Plaintiffs nonetheless plea for discovery. (Shaheen Affidavit, Doc. 16-1, p. 1; Memo. in Opp., pp. 6-7, 9-10). Counsel asserts that his clients "reside in Alabama and were not available to provide affidavits." (Shaheen Aff., Doc. 16-1, p. 1). Putting aside the insufficiency of counsel's affidavit, the need for discovery does not excuse the absence of genuine fact disputes in this case. This case was filed in February 2011 and removed to this Court in March 2011. (Doc. 1). The summary judgment motion was filed on October 7, 2011, (Doc. 10), and plaintiffs received an extension of time (Docs. 12, 13) to submit their opposition. Plaintiffs could have raised their need for more time to confer and formulate affidavits at that point, but failed to do so. It is too late to do so now. Plaintiffs had it within their power to produce the minimal amount of summary judgment evidence—such as their own affidavits—which might have prevented granting this motion, and their failure to do so was their own fault.

Moreover, plaintiffs had three months before the summary judgment filing to conduct discovery and had ample opportunity to seek a continuance of any relevant deadline if they needed more time. Indeed, it would be hard to justify granting plaintiffs' plea for discovery when they themselves have apparently not complied with the discovery requests of defendants.

(*See* Defendants' Motion to Compel, Doc. 19 (asserting plaintiffs have not responded to overdue discovery requests)).

Thus, because plaintiffs have not introduced any competent summary judgment evidence, the Court must conclude that defendants' motion for summary judgment should be granted.

## ORDER

Accordingly, defendants' motion for summary judgment (Doc. 10) is hereby GRANTED in full.

Plaintiffs' motion for oral argument (Doc. 14) is DENIED as moot.

Signed in Baton Rouge, Louisiana, on January 18, 2012.

_____
**JAMES J. BRADY, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**