**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| ALISHA A. NISIEWICZ AND JASON NISIEWICZ | CIVIL ACTION |
| VERSUS | |
| STEVEN LOVETT, ET AL | NO. 11-159-JJB-CN |

## RULING & ORDER

This matter is before the Court on the Motion to Compel Plaintiffs' Responses to Defendants' First Set of Interrogatories and Requests for Production of Documents and Plaintiffs' Depositions and Request for Expedited Hearing (R. Doc. 19) filed by defendants, the City of Denham Springs, Steven Lovett, and Scott Jones (collectively "defendants").

## FACTS & PROCEDURAL BACKGROUND

On December 5, 2011, defendants served their First Set of Interrogatories and Requests for Production of Documents upon plaintiffs, Alisha A. Nisiewicz and Jason Nisiewicz (collectively "plaintiffs"), in an effort at complying with the February 9, 2012 discovery deadline in this matter. Plaintiffs' responses to such discovery requests were therefore due on January 4, 2012. When defense counsel had not received plaintiffs' discovery responses by January 4, 2012, she contacted plaintiffs' counsel regarding the status of receiving same and also inquired about obtaining available dates for plaintiffs' depositions. Plaintiffs' counsel requested an extension until January 6, 2012 to provide discovery responses and available deposition dates; however, no information was provided on January 6, 2012.

On January 9, 2012, defense counsel held a discovery conference with plaintiffs'

1

counsel in an effort at resolving the discovery dispute. Following the conference and in accordance with the discussion had therein, defense counsel sent a letter to plaintiffs' counsel allowing him until noon on January 13, 2012 to provide complete discovery responses and available deposition dates. When plaintiffs' counsel failed to comply with that deadline, defense counsel filed the present motion, seeking to compel those responses and deposition dates. Defendants contend that the information sought through the interrogatories and requests for production is necessary in order to prepare for plaintiffs' depositions that must be scheduled prior to the impending February 9, 2012 discovery deadline.[1] Considering the close proximity of that deadline and the plaintiffs' failure to comply with the statutory deadlines and extensions for discovery responses granted by defense counsel, defendants' motion for expedited consideration will be granted.

## **LAW & ANALYSIS**

Pursuant to Fed. R. Civ. P. 33 and 34, a party upon whom interrogatories and requests for production of documents have been served shall serve a copy of the answers, and objections if any, to such discovery requests within thirty (30) days after the service of the requests. Fed. R. Civ. P. 33 and 34. A shorter or longer time may be directed by court order or agreed to in writing by the parties. *Id.* Because plaintiffs neither submitted written responses/objections to defendants' discovery requests within thirty (30) days after they were served nor within the extensions of time granted by defense counsel, defendants' motion to compel will be granted, and plaintiffs will be ordered to submit complete

---

[1] Defendants also have a pending motion for summary judgment in this matter wherein they seek dismissal of all of plaintiffs' claims on the basis of prescription and for failure to state a claim upon which relief may be granted.

responses to defendants' First Set of Interrogatories and Requests for Production within seven (7) days of this Order.

Additionally, in accordance with Fed. R. Civ. P. 30(a)(1), a party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2), which relates to several situations that are inapplicable in this case. *See*, Fed. R. Civ. P. 30(a)(1). Thus, a person having knowledge of facts sought by the moving party is subject to examination. CJS Federal Civil Procedure §619 (2011); *Xavier v. Belfor USA Group, Inc.*, 2009 WL 3231547, *1 (E.D.La. 2009), citing *Williams v. Sprint/United Mgmt Co.*, 2006 WL 1867471, *3 (D.Kan. 2006)(holding that generally, "a plaintiff will be required to make himself or herself available for examination in the district in which suit was brought. Since plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for a deposition"). The plaintiffs in the present matter are subject to oral deposition examination by the defendants because they are the parties that filed this suit, and they have knowledge concerning the facts underlying their claims. As such, plaintiffs will be compelled to provide to defense counsel, within five (5) days of this Order, their available dates for deposition, which depositions are to take place prior to the February 9, 2012 discovery deadline in this matter. In the event same is not possible, plaintiffs' counsel shall coordinate with defense counsel and file a joint motion to briefly extend the discovery deadline in order to accommodate plaintiffs' depositions.

Accordingly;

**IT IS ORDERED** that the Motion to Compel Plaintiffs' Responses to Defendants' First Set of Interrogatories and Requests for Production of Documents and Plaintiffs' Depositions and Request for Expedited Hearing (R. Doc. 19) filed by defendants, the City

of Denham Springs, Steven Lovett, and Scott Jones, is hereby **GRANTED** and that plaintiffs, Alisha A. Nisiewicz and Jason Nisiewicz, shall produce complete responses to defendants' First Set of Interrogatories and Requests for Production of Documents within seven (7) days of this Order and shall provide to defense counsel, within five (5) days of this Order, their available dates for deposition, which depositions are to take place prior to the February 9, 2012 discovery deadline in this matter.

Signed in chambers in Baton Rouge, Louisiana, January 19, 2012.

**MAGISTRATE JUDGE CHRISTINE NOLAND**